IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and MARTHA RODRIGUEZ, Revenue Officer, Internal Revenue Service,<br><br>       Petitioners,<br><br>    v.<br><br>PETER V. WOLFE and CAROL M. WOLFE,<br><br>       Respondents.<br>_____/ | No. Misc. 08-0088 JAM EFB |
| PETER V. WOLFE and CAROL M. WOLFE,<br><br>       Petitioners,<br><br>    v.<br><br>LISA GARCIA, Revenue Officer, Internal Revenue Service, DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, et al.,<br><br>       Respondents.<br>_____/ | No. Misc. 08-0117 MCE EFB<br><br><u>ORDER, RELATED CASE ORDER</u> and <u>FINDINGS AND RECOMMENDATIONS</u> |

////

**ORIGINAL CASE**
(*United States et al. v. Wolfe et al.*, Misc. No. 08-0088 JAM EFB)

This matter was before the court on September 25, 2008,[1] for hearing on the court's July 23, 2008, order directing respondents Peter V. Wolfe and Carol M. Wolfe to appear before this court and show cause why they should not be compelled to obey the Internal Revenue Service ("IRS") summonses served upon them on March 27, 2008.  Caroline Newman, Trial Attorney, Tax Division, U.S. Department of Justice and IRS Officer Martha Rodriguez appeared on behalf of the United States.  Respondents appeared and represented themselves.  For the reasons set forth below, the petition to compel compliance with the IRS summons is granted and the respondents are ordered to comply with it.

This court's subject matter jurisdiction is premised upon 28 U.S.C. §§ 1340 and 1345. The case is before this court pursuant to E. D. Cal. L. R. 72-302(c)(9) and 28 U.S.C. § 636. Petitioners seek enforcement of the Internal Revenue Service summonses pursuant to the Internal Revenue Code, 26 U.S.C. §§ 7402(b) and 7604(a).[2]

On March 26, 2008, IRS Officer Lisa Garcia issued summonses directing respondents, Peter V. Wolfe and Carol M. Wolfe, to appear at Ms. Garcia's Stockton office on April 8, 2008. The summonses sought all documents and records concerning respondents' income for the calendar years 2003, 2004, 2005 and 2006.  Verified Petition ("Ver. Pet."), Exh. A.  Ms. Garcia served the summonses on March 27, 2008.  Ver. Pet., at ¶ 7, and Exh. A.

---

[1] The hearing was originally scheduled for September 24, 2008, but was moved to September 25, 2008 by order of this court filed and served upon the parties on September 15, 2008.

[2] Respondents have filed an opposition to enforcement of the summons and have also filed a related action, *Wolfe v. Garcia, et al.*, Misc. No. 08-0117 JAM EFB, which asserts the same arguments and assertions as their pleadings in this case.  The court construes the pleading in the related action as a petition to quash the IRS summons at issue in both actions. Accordingly, these Findings and Recommendations include the recommendation that Misc. No. 08-0117 JAM EFB be ordered related to and consolidated with this action and disposed of in the same order.

Neither respondent appeared at the IRS office on April 8, 2008, and neither submitted any responsive documents. Ver. Pet., at ¶¶ 9, 10.

On July 9, 2008, petitioners filed a Verified Petition to Enforce IRS Summons. On July 23, 2008, this court issued the operative order to show cause why petitioners' tax summonses should not be enforced. Respondents were informed they could defend or oppose the petition, provided such defense or opposition was made in writing and filed with the Clerk and a copy served upon the United States Attorney at least ten days prior to the date set for the show cause hearing. Order to Show Cause, at ¶ 7.

Petitioner and IRS Officer Martha Rodriguez was substituted for IRS Officer Lisa Garcia, and filed certificates of service demonstrating personal service of the Order to Show Cause and Verified Petition upon Carol Wolfe on August 1, 2008, who also received substituted personal service for Peter Wolfe. *See* Dckt. Nos. 5 and 6.

Respondents have now filed nine "responsive" documents.[3] The court has reviewed all of these documents and finds that they are similar, if not identical, in form and substance to documents filed by other tax protestors in federal court. The arguments asserted in the documents are largely unintelligible. The first six documents denote a sequence of notices from

---

[3] The Clerk of Court denominated these filings upon docketing as follows, dictated largely by the fine print notation at the top of the first page of each filing:

1) "Notice of Fault - Opportunity to Cure," filed August 22, 2008 (Dckt. No. 7)
2) "Notice of Default," filed August 22, 2008 (Dckt. No. 8)
3) "Notice of Demand and Settlement and Closing of Escrow," filed August 22, 2008 (Dckt. No. 9)
4) "Final Notice of Demand and Settlement and Closing of the Escrow," filed August 26, 2008 (Dckt. No. 11)
5) "Second Notice of Demand and Settlement and Closing of the Escrow," filed August 26, 2008 (Dckt. No. 12)
6) "Notice of Petition for Agreement and Harmony in the Nature of a Notice of International Commercial Claim," filed September 4, 2008 (Dckt. No. 13)
7) "Motion for Summary Judgment," filed September 11, 2008 (Dckt. No. 14)
8) "Lodgement of Evidence #1," filed September 16, 2008 (Dckt. No. 16)
9) "Objections to Findings and Recommendations," filed September 29, 2008 (Dckt. No. 19)

respondents (aka "libelants") informing the government and various governmental agencies and officers (including the undersigned) (aka "libelees") that respondents/libelants filed a "Petition for Agreement and Harmony in the Nature of a Notice of International Commercial Claim Within the Admiralty Administrative Remedy and Commercial Accounting and True Bill," File No. PVWO8142008, and gave libelees ten days within which to answer; that the libelees' failure to answer triggered a "notice of fault," "notice of default," "first notice of demand and settlement," "second notice of demand and settlement," "final notice of demand and settlement," and "administrative judgment by estoppel."

Having thus "perfected" their claim, which they characterize as a "Foreign Judgment by Estoppel," respondents/libelants filed a motion for summary judgment asserting this court no longer has jurisdiction to consider the IRS petition, yet asking the court to quash the summons, deny the petition for its enforcement, and declare that respondents owe no outstanding taxes. The motion for summary judgment and subsequently-filed "Lodgement of Evidence" present hundreds of pages of exhibits, all purportedly in support of respondents' theory of relief, but none responsive to the instant IRS summonses and petition for their enforcement. Respondents' argument at the hearing on this matter mirrored their papers.

After the hearing, respondents filed objections to the court's tentative conclusions announced at the hearing. Those objections reiterated respondents' theories set forth above and asserts that respondents "are not liable for any I.R.S. taxes" based on the parties' purported "extrajudicial" "agreement" reached by "estoppel by acquiescence, tacit procuration, stare decisis, promissory estoppel, collateral estoppel, res judicata, and judgment by estoppel."

The IRS has met its threshold burden of demonstrating that its investigation was conducted, and the instant summons issued, for a legitimate purpose; that the information sought is relevant to that purpose and not already in the Commissioner's possession; that the summonses were properly served; that the administrative steps required by the Internal Revenue Code have been followed; and that there is no referral of this case by the Internal Revenue

Service to the Department of Justice for criminal prosecution. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993).

The burden shifts to respondents to demonstrate a bona fide challenge to enforcement of the summonses. The responding papers do not address the allegations of the petition and fail to articulate a cognizable basis for challenging the summonses. Respondents have presented no evidence suggesting an abuse of process or lack of institutional good faith. As the court informed respondents in its order to show cause, "any uncontested allegation in the petition will be considered admitted." OSC, at ¶ 8. Respondents have failed to rebut petitioners' prima facie showing that the summonses should be enforced. There being no other basis for denying enforcement of the summonses, their enforcement should be ordered.

Respondents filed another pleading in case no. 08-0088 which also recites their various theories as why they are not subject to taxes. They misconstrue the purpose of this proceeding. A petition to enforce an IRS summons does not require legal analysis of issues subject to proof by the parties, other than establishing the authenticity, legitimate purpose and relevance of the summons, and its service upon the taxpayer. Whether a taxpayer owes additional taxes is a matter to be resolved after compliance with the summons and production of all relevant documents. The interposition of that issue is premature where, as here, the IRS merely seeks compliance with its summons. Respondents' motion for summary judgment seeks a judicial declaration that respondents owe no outstanding federal taxes, obfuscates the limited purpose of this action, which is merely to obtain respondents' cooperation in the production of relevant information. Accordingly, respondents' motion for summary judgment should be denied.

**CONSOLIDATION OF RELATED CASE**
*Wolfe et al. v. Garcia et al,* Misc. No. 08-0117 MCE EFB

On October 1, 2008, "petitioners" Peter and Carol Wolfe paid the filing fee and filed a "Verified Emergency Expedited Petition for Hearing for Show Cause to Enforce Administrative

Due Process Agreement/Contract Against Respondents," naming as respondents IRS Officer Lisa Garcia, the U.S. Department of the Treasury Internal Revenue Service, three employees of the IRS' legal department, the U.S. Attorney for the Eastern District of California and the Assistant U.S. Attorney seeking enforcement of the above-noted summonses. The Wolfes set the petition for hearing before this court on October 8, 2008.

This action, Misc. No. 08-0117, is clearly related to Misc. No. 08-0088 within the meaning of E. D. Cal. L. R. 83-123(a). The documents filed in this action reflect the same arguments and theories promoted by the Wolfes in their opposition to enforcement of the summonses. The actions involve the same or related parties, are based on the same or similar claims, and involve the same IRS summonses and the issue of their enforcement. Since the cases present identical facts and the same question of law, assignment of both matters to the same judge and magistrate judge is likely to effect a substantial savings of judicial effort and will be so recommended. Additionally, as a practical matter the case appears to be duplicative of the petition to enforce the summons.

Under the regular practice of this court, related cases are assigned to the judge and magistrate judge to whom the first filed action was assigned. It will therefore be recommended that the action denominated Misc. No. 08-0117 MCE EFB be reassigned to Judge Mendez and the undersigned Magistrate Judge for all further proceedings, and that the caption on all future documents filed in the reassigned case be shown as Misc. No. 08-0117 JAM EFB.

For the same reasons, it will be further recommended that this action be consolidated with Misc. No. 08-0088 JAM EFB pursuant to Fed. R. Civ. P. 42(a) (actions may be consolidated if they "involve a common question of law or fact").

Finally, it will be further recommended that Misc. No. 08-0117 JAM EFB be dismissed for lack of subject matter jurisdiction, for the following reasons.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *See Kokkonen v. Guardian Life Ins. Co*, 511

U.S. 375, 377 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *See Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. *See Bell v.Hood*, 327 U.S. 678, 682 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. *See Hagans v.Lavine*, 415 U.S. 528, 587-38 (1974).

This action, Misc. No. 08-0117, premises jurisdiction on the failure of the IRS to acknowledge and oppose the Wolfes' "administrative filing" of their "Petition for Agreement and Harmony in the Nature of a Notice of International Commercial Claim Within the Admiralty." This theory of estoppel relies entirely upon legal fictions. The issue of enforcement in this case comes entirely within this court's federal subject matter jurisdiction pursuant solely to the Internal Revenue Code; as discussed *supra*, the Wolfes' only means for opposing enforcement is by rebutting the presumption of enforceability pursuant to the factors set forth in *United States v. Powell*, *supra*, 379 U.S. at 57-58. Thus, this is not a case warranting amendment of the complaint to correct defectively asserted jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). "[S]ection 1653, even liberally construed, does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not." *Advani Enterprises v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1988). Allowing amendment here would permit what *Advani* prohibits. Rather, since the Wolfes have not asserted a substantial federal right, and their basis for jurisdiction is patently frivolous, this action, Misc. No. 08-0117, should be dismissed with prejudice.

////

////

////

////

7

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. In Misc. No. 08-0088, this court's Order to Show Cause (Dckt. No. 4) is discharged; and

2. In Misc. No. 08-0117, the hearing scheduled for October 8, 2008 is vacated.

Further, IT IS HEREBY RECOMMENDED that:

1. In Misc. No. 08-0088, the Petition to Enforce the IRS Summonses served upon respondents on March 27, 2008 (Dckt. No. 1) be granted.

2. In Misc. No. 08-0088, respondents' Motion for Summary Judgment (Dckt. No. 14) be denied.

3. In Misc. No. 08-0088, respondents be ordered to appear at the I.R.S. offices at 4643 Quail Lakes Drive, Suite 101, Stockton, California, 95207, before Revenue Officer Martha Rodriguez, or her designated representative, on the twenty-first day after the filing date of the summons enforcement order, or at a later date and time to be set in writing by the Revenue Officer, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons, the examination to continue from day to day until completed.

4. Misc. No. 08-0117 be related to, and consolidated with, Misc. No. 08-0088, and that Misc No. 08-0117 be reassigned to Judge Mendez, and hereafter designated Misc. No. 08-0117 JAM EFB.

5. Misc. No. 08-0117 JAM EFB be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE